FULWIDER et al., Appellants v. FLYNN et al., Respondents

(243 N.W.2d 170)

(File No. 11677. Opinion filed June 23, 1976)

Gary E. Davis, Gregory, argued the cause for appellants. With him on the brief was Charles Rick Johnson, of Johnson, Johnson & Eklund, Gregory, for plaintiffs and appellants.

William F. Day, Jr., of Day & Grossenburg, Winner, for defendants and respondents.

WOLLMAN, Justice.

Plaintiffs brought suit against defendants for damages to plaintiffs' alfalfa seed crop allegedly caused by defendants' application of Parathion, an insecticide that defendants had applied to plaintiffs' alfalfa in the summer of 1973 to control greenbugs. Plaintiffs' complaint alleged causes of action against defendants on theories of breach of express warranty, breach of implied warranty, and negligence. At the close of all of the evidence, the trial court directed a verdict in favor of defendants on plaintiffs' allegation of breach of implied warranty and submitted the case to the jury on the theories of breach of express warranty and negligence, as well as on defendants' counterclaim for the costs of the spraying done. The jury returned a verdict against plaintiffs and in favor of defendants in the full amount of their counterclaim.

Plaintiffs contend that the trial court erred in refusing to submit their claim of breach of implied warranty to the jury.

After reviewing the record, we are of the opinion that plaintiffs' argument is well taken. Plaintiff Fulwider testified that he had called defendants on the telephone about spraying his alfalfa for greenbugs. In response to his questions, defendants informed him that they had been using Parathion with satisfactory results, whereupon Mr. Fulwider instructed defendants to go ahead and spray his alfalfa fields. Defendant Dennis Flynn, the owner of Gateway Aerial Sprayers, testified that he had been in the spraying business for approximately 16 years, that approximately half of his spraying work consisted of applying insecticides to control insects, that he had used Parathion spray since 1958, and that Parathion was a recommended insecticide to control greenbugs in alfalfa.

We conclude that the evidence summarized above was sufficient to warrant the submission of plaintiffs' claim of breach of implied warranty to the jury under the provisions of SDCL 57-4-33, which provides that:

"Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under §§ 57-4-34 to 57-4-39, inclusive, an implied warranty that the goods shall be fit for such purpose."

Cf. Waggoner v. Midwestern Development, Inc., 83 S.D. 57, 154 N.W.2d 803.

Plaintiffs contend that the trial court also erred in refusing to admit certain exhibits concerning the production of alfalfa seed from plaintiff Fulwider's fields in 1972 and 1974 and from the adjoining fields of a fellow renter during those two years. After reviewing the record, we conclude that the trial court did not abuse its discretion in refusing to admit these exhibits. Kramer v. Sioux Transit, Inc., 85 S.D. 232, 180 N.W.2d 468.

The judgment appealed from is reversed and the case is remanded to the circuit court for retrial on the issue of defend-

ants' alleged breach of implied warranty.

DUNN, C. J., and COLER, J., concur.

WINANS, J., dissents.

WINANS, Justice (dissenting).

I would affirm the lower court's holding on the issue of implied warranty. I do not believe there was any evidence of any implied warranty so far as the defendants are concerned. True, the evidence does show that the defendants informed plaintiffs that they had been using Parathion with satisfactory results. There is no evidence that this statement was not true and there is evidence that it was true. The evidence further showed that Parathion was a recommended insecticide to control greenbugs in alfalfa. The defendants were hired to apply this insecticide to the plaintiffs' crop of alfalfa. This is the extent of the evidence. I do not believe that this evidence is sufficient to imply a warranty.